IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NAM QUOC TRINH,  Civil No. 07-1554-HU

    Petitioner,  FINDINGS AND RECOMMENDATION

  v.

ATTORNEY GENERAL OF OREGON,

    Respondent.

    ANTHONY D. BORNSTEIN
    Office of the Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    JOHN KROGER
    Attorney General
    JACQUELINE SADKER
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

Hubel, Magistrate Judge.

Petitioner, in custody of the Oregon Department of Corrections, files this habeas action pursuant to 28 U.S.C. § 2254, challenging his May, 2000, convictions. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#29) should be denied.

## BACKGROUND

Petitioner was convicted by a jury of two counts of Sexual Abuse in the First Degree, but acquitted of four other counts. During his trial, Petitioner had a Vietnamese interpreter next to him, although he speaks some English. A different, court appointed interpreter translated for witnesses who spoke Vietnamese.[1]

After the verdict, Petitioner moved for a mistrial, arguing the court's interpreter made significant errors in translation of the testimony and questioning and that he was prejudiced by the errors. (Respt.'s Ex. 111.) After a hearing, the court denied Petitioner's motion finding it had no authority to grant the motion at that stage of the proceedings - after the verdict, but before sentencing. (#19, Trial Tr. at 9-10; Respt.'s Ex. 112.)

---

[1] According to the record, there is one court certified Vietnamese interpreter in Oregon. Transcripts of the trial proceedings reveal neither interpreter was certified, although both had previously served as interpreter for the courts. The court qualified the interpreters, and they were sworn in prior to serving. The interpreter next to Petitioner is referred to as the "defense's interpreter" in the April 25, 2000, proceeding. (#18, Jury selection at 7; Day 1 at 3; #19, April 25, 2000, proceeding at 5-8; June 20, 2000, proceeding at 29-45.)

2 - FINDINGS AND RECOMMENDATION -

Petitioner was sentenced a few days later, and trial counsel filed a motion for new trial, again arguing the court's interpreter made significant errors in translation of the testimony and questioning, and that Petitioner was prejudiced by the errors. After a hearing with oral argument and witness testimony, the court denied the motion, finding Petitioner had received a fair trial, that the defense could have further clarified the translations at issue during the trial, and, because Petitioner spoke some English, he could have brought translation errors to counsel's attention during the trial. (#19, Trial Tr., June 20, 2000 at 49-51.)

Petitioner filed a direct appeal, but did not raise as error the court interpreter's translations. (Respt.'s Ex. 103.) The Oregon Court of Appeals affirmed Petitioner's convictions without opinion, (Respt.'s Ex. 105), and Petitioner did not seek review by the Oregon Supreme Court. Appellate judgment issued May 28, 2003.

Petitioner filed for Post-conviction relief ("PCR") alleging ineffective assistance of trial and appellate counsel, and raising claims of trial court error, including violation of his right to due process as a result of translation errors by the court's interpreter. The PCR court denied relief, finding, in relevant part, the trial court errors raised were not matters for the PCR court. (Respt.'s Ex. 115, at 14.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Exs. 120, 121.)

3 - FINDINGS AND RECOMMENDATION -

In his amended petition for writ of habeas corpus, Petitioner raises one ground for relief alleging the state violated his right to due process when it failed to ensure adequate interpretation during his trial. Respondent argues Petitioner's claim is procedurally defaulted and, in any event, fails on the merits. (#32, Response at 3.) Petitioner contends that the state PCR court determination of his claim was an unreasonable determination of the facts in light of the evidence presented to it. (Petr.'s Mem. at 10-11.) He also contends that, because the state court did not review his claim on the merits, habeas review should be *de novo*. (*Id*.)

## DISCUSSION

To be eligible for filing a §2254 habeas petition, a petitioner must have exhausted state remedies. 28 U.S.C. §2254(b)(1)(A) (2002). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A federal claim is "fairly presented" to the state courts only if it was properly presented as a federal question, in the appropriate petition or brief, and in the proper procedural context so that its merits would be considered. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Casey*, 386 F.3d at 911-919.

4 - FINDINGS AND RECOMMENDATION -

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 386, 920 (9th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A state court's application of a procedural rule to deny a claim is not undermined as an independent and adequate grounds if the state court, at the same time, rejects the claim on the merits. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

Oregon procedural rules require that claims of trial court error be preserved at trial and raised on direct appeal. *See Palmer v. Oregon*, 318 Or. 352, 358 (1994). "A petitioner cannot obtain post-conviction relief on any ground that reasonably could have been raised at trial or on direct appeal unless the petitioner demonstrates that the failure to raise the issue falls within one of several narrowly drawn exceptions." *Quimby v. Hill*, 213 Or.App. 124, 133, 159 P.3d 1264, *rev. denied* 343 Or. 223 (2007); *see also* Or. Rev. Stat. 138.550(2); *Stroup v. Hill*, 196 Or.App. 565, 103 P.3d 1157 (2004). Petitioner has not shown the exceptions applied to him.

5 - FINDINGS AND RECOMMENDATION -

It is clear from the record that Petitioner did not raise the due process claim he presents to this court in his direct appeal, although it reasonably could have been asserted given the facts were known and were the basis of a motion for mistrial and motion for new trial.  Thus, Petitioner failed to raise his claim to the appropriate state courts at all appellate stages afforded under state law.  Because the time for doing so has passed, the claim is procedurally defaulted and federal habeas relief is barred absent Petitioner showing cause and prejudice to excuse the default, which he has failed to do.

While Petitioner raised his due process claim in the PCR proceedings, the PCR court specifically rejected the claim on state procedural grounds.  In his Memorandum, Petitioner contends the PCR court did not review the merits of the due process claim, effectively acknowledging the claim was rejected on procedural grounds. (#30, p 11.)  At the same time, Petitioner argues the PCR court made an unreasonable determination of the facts in finding the errors in interpretation were immaterial, implying the PCR court considered the merits of his due process claim. However, the factual determination that the errors in interpretation were immaterial was made in rejecting a claim of ineffective assistance of counsel, which Petitioner does not raise here.  Even assuming the factual determination by the PCR court can be construed as a determination of Petitioner's due process claim on the merits, this

6 - FINDINGS AND RECOMMENDATION -

does not negate the PCR court's denial on procedural grounds and Petitioner's procedural default. *See Bennett*, 322 F.3d at 580.

In any event, under 28 U.S.C. § 2254(d)(2)

> "An application for writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> * * *
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A state court decision is based on an unreasonable determination of the facts if the fact-finding process is flawed. Examples of a flawed process include: making evidentiary findings without holding a hearing, misstating the record, ignoring the record, misapprehending the evidence presented. *Taylor v. Maddox*, 366 F. 3d 992, 1001 (9th Cir. 2004). In reviewing state court decisions, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F. 3d 992, 999 (9th Cir. 2004). This is a standard that will be met in few cases. *Id.* at 1000.

A review of the PCR court record does not support Petitioner's contention that the PCR court's determination that the errors in translation were immaterial was unreasonable. The PCR court

7 - FINDINGS AND RECOMMENDATION -

reviewed the trial transcript, and noted "I found a number of places where there were disputes about whether or not the interpreter had correctly interpreted [Petitioner's] statements or another witness - witness testimony, and the court intervened and had them go over the matters to clarify and cure the incorrect areas." (Respt.'s Ex. 115 at 10.) Petitioner did not allege his claim extended beyond these areas. (*Id*.) There is no evidence in the record that the PCR court's fact-finding process was flawed, or unreasonable.

## CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus (#29) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a United States District Judge. Objections, if any, are due August 21, 2009. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 4, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  6th   day of August, 2009.

                                    Dennis J. Hubel

                                    Dennis J. Hubel
                                    United States Magistrate Judge